UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO: 13-35165-LMI

JESUS A RODRIGUEZ
    Debtor(s)
                                      /

TRUSTEE'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO MODIFY
AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING
(Increased income and failure to file verification of disposable income)

    Nancy K. Neidich, Standing Chapter 13 Trustee, files this Motion to Dismiss for failure to disclose income or in the alternative Motion to Modify and states as follows:

    1. Based on information provided regarding the debtor's income prior to confirmation, the Trustee believed that the debtor's income was understated on the Schedule I or Statement of Current Monthly Income and Disposable Income Calculation (CMI form).

    2. To avoid an evidentiary hearing on the debtors's income, the parties agreed to yearly income verification.

    3. The debtor's plan states that the debtors would provide copies of their tax returns to the Trustee and provide verification of their disposable income.

    4. According to the debtors' tax returns, the debtors have understated their income and/or have a large increase in income.

    5. The debtor is required to file a statement of the income and expenditures of the debtor and evidence and calculation of how those monthly expenditures and income are calculated.

    6. The debtor's disclosed income on the last filed CMI form was **$41,854.92 (per year)**.

    7. Debtor's income according to the tax returns was **$64,111.00 in 2016. The Trusee received the 2016 tax returns on February 21, 2017**

    8. The yearly difference between the income disclosed on the debtor's tax returns and the amount of income disclosed on the CMI (with a 5% increase each year) was **$1,304.89 per month in 2016** *(amount of undisclosed income per month.)*

    9. The total payment to unsecured creditors is **$1,400.56 or an average of $38.90 per month. The allowed unsecured creditors total $79,863.43** .

    10. The Supreme Court in *Hamilton v. Lanning* (560 US ___, 2010) has interpreted the

disposable income due under a plan to be forward looking.

    11.  The debtors have not filed an amended CMI form (or if under median an amended Schedule I and J), and concurrently provided the Chapter 13 Trustee with evidence that is self - explanatory and calculation of ALL expenses not derived directly from the US Trustee's web site. All non-IRS standard expenses must also include a short explanation and documentation of why it is reasonable and necessary.

    WHEREFORE, the Trustee requests that this case be dismissed as the debtors have failed to file the documents required under 11 U.S.C. §521(f) and provide the evidence and calculation of all expenses not determined by the IRS standards.

RESPECTFULLY SUBMITTED:

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

By: /s/_____
Amy Carrington, Esq.
FLORIDA BAR NO: 101877

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this  and the Notice of Hearing was served through NEF on debtor's attorney and by US Mail to:

Jesus A Rodriguez
9360 Fontainbleau Blvd
Apt D606
Miami, FL  33172

NANCY K NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE